The facts of the case are fully stated in the opinion of the Court. *Page 65 
It seems not to be contended that the defendant has any right to the money in his hands and for which he is sued in this action.
The question is, Has the plaintiff a right to recover (90) it as treasurer of public buildings? It appears from an act passed in 1788 (ch. 30) that certain land was set apart on which the town of Statesville was to be erected. The defendant, with other commissioners, were directed to divide it into lots and make sale of them; out of the proceeds of such sale a certain part was directed to be paid to the person from whom the land had been purchased, and the residue, if any, to be applied towards defraying the expense of laying off said town.
It seems that after defraying that expense there is still a balance in the hands of the defendant respecting which the act is altogether silent.
It is necessary next to ascertain whether the plaintiff is entitled to recover it.
By an act passed in 1795 (Rev., ch. 433) courthouses and gaols were directed to be built or repaired in all the counties; the county courts were invested with power to lay and collect taxes for that purpose, and a treasurer of public buildings was directed to be appointed, whose duty it should be to call to account and settle with all former commissioners who might have received county or district moneys for such purposes.
In an act passed in 1797 (Rev., ch. 488) doubt is expressed whether under the act last noticed treasurers of public buildings were authorized to bring suits against former commissioners who might have county or district money in their hands for the purpose of repairing or erecting thepublic buildings, and power is thereby given them to commence suits against any commissioners who may have such moneys in their hands.
It is under these acts that the plaintiff claims to recover the money in dispute.
It is observable that the Legislature pointed out the manner in which funds were to be raised for public buildings, the officers in whose hands they were to be deposited, and the duty of those officers. Amongst other things, it was made their duty to sue former commissioners who had in their hands county or district money, and who had received it for the purpose ( 91 ) of repairing or erecting public buildings.
There was no class of commissioners, however, who held public money under the same circumstances with the defendant; the acts do not speak of any such. He was neither a commissioner *Page 66 
or treasurer of public buildings, nor was the money in his hands, by any act, appropriated to that purpose. In truth, it appears to be unappropriated, and, however little his claim to it may be, I think the plaintiff has no authority to sue for and recover it; he might as well sue for public money unappropriated, in the hands of anybody else. I therefore think the rule for a new trial should be made absolute.
Judgment reversed.